## In re SEELEY.
## No. P 303267.

United States District Court
D. Massachusetts.

Oct. 24, 1949.

Petitioners pro se.

McCARTHY, District Judge.

This is a petition of Paul Stark Seeley and Vernita Seeley brought in behalf of John Lee Seeley, their adopted child, under the provisions of Section 316 of the Nationality Act of 1940, 8 U.S.C.A. § 716, which provides as follows:

"An adopted child may, if not otherwise disqualified from becoming a citizen, be naturalized before reaching the age of eighteen years' upon the petition of the adoptive parent or parents if the child has resided continuously in the United States for at least two years immediately preceding the date of filing such petition, upon compliance with all the applicable procedural provisions of the naturalization laws, if the adoptive parent or parents are citizens of the United States, and the child was:

"(a) Lawfully admitted to the United States for permanent residence; and

"(b) Adopted in the United States before reaching the age of sixteen years; and

"(c) Adopted and in the legal custody of the adoptive * * * parents for at least two years prior to the filing of the petition for the child's naturalization."

The petitioners Paul Stark Seeley and Vernita Seeley are citizens of the United States by birth and have never been expatriated. On October 9, 1936 they adopted in the County Court at Melbourne, Australia, John Lee Seeley, who was born November 16, 1934, in Melbourne. John Lee Seeley was admitted to the United States for permanent residence on November 28, 1936. On September 3, 1948, he was again adopted by the petitioners in the Probate Court of Suffolk County in Boston, Massachusetts.

The question presented is whether the petitioners have established the eligibility for naturalization of their adopted child under the provisions of Section 316.

It is admitted that the requirements of Clauses (a) and (b) of the Section have been met. However, the Immigration and Naturalization Service recommends denial of the petition on the ground that the mandate of clause (c) is as yet unfulfilled. If the adoption and the legal custody following the adoption mentioned in clause (c) refer to the adoption mentioned in clause (b), the requirements have not been met inasmuch as John Lee Seeley was not adopted in the United States until September 3, 1948. If "adoption" in clause (c) means "adoption in the United States", as in clause (b), then the two years required by clause (c) will not have elapsed until September, 1950.

No reported case has been cited, nor have I found any, which construes Section 316. The legislative history of the Nationality Act of 1940 is devoid of any indication of the Congressional intent in enacting this section into law. Reading the section as a whole, however, it seems that the requirements in clauses (a), (b) and (c) should be considered together, so as to make all parts harmonize, if possible, and give meaning to each. Section 316 allows an adopted child to be naturalized before reaching the age of eighteen years. Clause (b) provides for adoption in the United States before reaching the age of sixteen years. Was this age limit (sixteen years) an arbitrary figure? If clause (b) is read together with clause (c) which provides for a two-year period of legal custody after "adoption", it appears reasonable to conclude that Congress intended that adoption in the United States was to take place *before* the child reached the age of sixteen so that the two-year period of legal custody might be concluded before the child reached the age of eighteen years, the end of the period in which it could be naturalized under this section. If clause (c) is construed to refer to adoption in the United States, the result is harmonious, gives a logical meaning to the words of clause (b) and provides a rational explanation why the time limit in clause (b) was set at sixteen years.

Moreover, it does not seem unreasonable to assume that the requirements of section 316 would be met in chronological order:

first, the child was to be admitted to the United States for permanent residence, then adopted before reaching the age of sixteen years, and, finally, two years should elapse subsequent to such adoption.

 I am of the opinion that the word "adopted" in clause (c) was intended to refer to the adoption required in clause (b) with an added requirement, i. e., legal custody of the adoptive parent or parents for at least two years prior to the filing of the naturalization petition.

The petition is, therefore, denied as premature, without prejudice to the bringing of another petition when the requirements of clause (c) have been met.